UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KAREN PHILLIPS,

               Plaintiff,

v.

NANCY A. BERRYHILL, Acting Commissioner of Social Security,

               Defendant.

CASE NO. C16-1819-BAT

**ORDER GRANTING MOTION FOR ATTORNEY FEES**

Prevailing party, Karen Phillips, moves for EAJA fees of $3,180.17. Dkt. 18. The Commissioner argues the Court should deny fees because the government's position is substantially justified, and the fees requested are unreasonable. Dkt. 19. The Court rejects these arguments and **GRANTS** plaintiff's motion.

The Court may award attorney's fees to a prevailing party in an action against the United States, unless the court finds the government's position on the merits in the litigation was "substantially justified." 28 U.S.C. § 2412(d)(1)(A). To show its position was "substantially justified" the government must demonstrate its position had a reasonable basis in both law and fact at each stage of the proceedings, including both the government's litigation position, and the underlying agency action giving rise to the civil action. *Tobeler v. Colvin,* 749 F.3d 830, 832–34 (9th Cir. 2014). Deviating from this standard, the Commissioner argues the issue is "whether the

ORDER GRANTING EAJA FEES- 1

Commissioner was substantially justified in defending the errors identified by the Court." Dkt. 19. But the "position of the United States" includes *both* the government's litigation position and the underlying agency action giving rise to the civil action. *Meier v. Colvin*, 727 F.3d 867, 870 (9th Cir. 2014). Thus to assess whether the government's position is substantially justified, a Court first considers the underlying agency action. *Id.* at 872. A court need not address whether the government's subsequent litigation position is justified when the underlying agency position was not substantially justified. *Id.* at 872–73.

Here the Court found the ALJ erred as matter of law. The ALJ gave great weight to Ms. Phillips' providers but harmfully erred by failing to account for all limitations in determining Ms. Phillips' RFC, and in making step five findings. *See* 20 C.F.R. § 416.945(a). The Commissioner's position accordingly was not substantially justified in the underlying agency action.

Relying heavily on *Blair v. Colvin*, 619 Fed. Appx. 583 (9th Cir. 2015), the government also argues the fee request is unreasonable "given the limited nature of her success." Dkt. 19 at 4. *Blair* did not hold a court must reduce EAJA fees where the plaintiff fails to prevail on all claims presented to the district court. Rather *Blair* found the district court did not abuse its discretion in reducing Blair's fee request. *Id*. at 586. In *Blair*, the Court did not grant the relief the plaintiff sought. In contrast, the Court granted the exact relief Ms. Phillips requested: "that the Court remand this case to the Commissioner for further administrative proceedings with instructions to re-evaluate the medical evidence, reassess her RFC, and make new step five finding." Dkt. 13 at 14; Dkt. 16 at 6. The Court accordingly finds it inappropriate to reduce the fee request on the grounds Ms. Phillips achieved "limited success."

1      In sum, the Court **GRANTS** Ms. Phillip's motion. Dkt. 18. The Court has reviewed Ms. Phillip's motion and supporting declarations and the record, and finds the amount requested is reasonable.

     The Court accordingly **ORDERS** the Commissioner to pay plaintiff's attorney fees of **$3,180.17**. If the EAJA fees are not subject to any offset allowed under the Department of Treasury's Offset Program, then the check should be made payable to Ms. Phillip's attorney, Victoria B. Chhagan, based upon Ms. Phillip's assignment to these amounts to counsel. Any check for EAJA fees shall be mailed to Douglas Drachler McKee & Gilbrough, 1904 Third Avenue, Seattle WA 98101.

     DATED this 6th day of September, 2017.

                                       BRIAN A. TSUCHIDA
                                       United States Magistrate Judge